# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

SUZANNE SHELL

       Plaintiff/Petitioner - Appellant,

v.

BRENDA SWALLOW

       Defendant/Respondent - Appellee.

Case No. 16-1150

Appellant/Petitioner's Opening Brief

## NOTICE AND INSTRUCTIONS

If you proceed on appeal pro se, the court will accept a properly completed Form A-12 in lieu of a formal brief. This form is intended to guide you in presenting your appellate issues and arguments to the court. If you need more space, additional pages may be attached. A short statement of each issue presented for review should precede your argument. Citations to legal authority may also be included. This brief should fully set forth all of the arguments that you wish the court to consider in connection with this case.

New issues raised for the first time on appeal generally will not be considered. An appeal is not a retrial but rather a review of the proceedings in the district court. A copy of the completed form must be served on all opposing counsel and on all unrepresented parties and a proper certificate of service furnished to this court. A form certificate is attached.

## APPELLANT/PETITIONER'S OPENING BRIEF

**1.  Statement of the Case.**  (This should be a <u>brief</u> summary of the proceedings in the district court.)

This case was filed on February 13, 2009. Most of the defendants were served and appeared pro se. The case was characterized by ongoing abuses of the record by the defendants resulting in over 1000 documents being filed.

This case is characterized by numerous court orders that are unprecedented and that rendered the process lopsided in favor of the defendants, and gross mischaracterizations of Plaintiff's requests and objections by the court. Orders included prohibitions against filing motions [159] except responses to the complaint, motions to dismiss, or motions related to service remained in force for over a year, until after motions to dismiss were ruled upon and most defendants dismissed. Consequently, the plaintiff was denied access to the court to file a timely motion to amend her complaint without any finding that her motion practice was abusive or inappropriate. The court then compelled the Plaintiff to file a proposed amended complaint that did not include dismissed defendants. Plaintiff protested and the court allowed a motion as to all defendants, which the court then denied without a finding that the amendment would be futile or attributing delays to Plaintiff.

The order [159] also included prohibitions against the Plaintiff filing motions for default and had all existing defaults that were granted, stricken; Plaintiff's motion for default judgements were denied. Defendants had complained about having to participate in conferrals, so the court granted protective orders prohibiting email or phone communications and stated that Plaintiff's non-abusive disagreement with a defendant was inappropriate, but later refused to respond to defendants's outright abuses and harassment of the Plaintiff. The court also required all communication and conferral to be done by U.S. Mail only (increasing costs for Plaintiff). This order also denied Plaintiff's motion for protective order to prevent known competitors from representing a defendant. Discovery was prohibited and this prohibition was not lifted for over 3 years.

The prohibition against filing motions was replaced with an order [395] requiring parties to "ile a motion to file a motion."Plaintiff was penalized for complying with this order by having her "otions to file a motion"denied because the court treated them like motions which were deficient. Defendants who disobeyed this order and submitted motions—ven unsigned motions drafted by another defendants—ad their motions granted, rather than stricken as the court ordered. The order included prohibitions against responding to motions without court permission, which the court then used to grant defendants's motions because the court deemed the Plaintiff admitted the motion by not responding in

compliance with the court order. This resulted in at least on defendant's motion to dismiss being granted. This order also eliminated the requirement to confer, because the defendants were refusing to confer, and despite Plaintiff's certification of her attempts to confer and defendant's refusals to confer on her motions, the court denied Plaintiff's motions for failure to confer. Additional, settlement discussions were prohibited, and the court refused to set a settlement conference, ever.

The prohibition on filing motions was lifted January 18, 2012 [521] and discovery was finally allowed. Plaintiff was ordered not to file a motion to amend her complaint but defendants were allowed to continue filing motions to dismiss. Plaintiff's objection [530] that the scheduling order did not include a deadline to amend pleadings was denied [534]. The court never provided a deadline to amend pleadings.

From June, 2012 on, ongoing discovery disputes were decided in a manner favorable to the defendants, encouraging them to obstruct and withhold relevant information and forcing Plaintiff to jeopardize her trade secret information and tying her hands with obtaining relevant discovery.

On 9/28/2012, the prohibition against filing for default judgment was lifted [861] and Plaintiff was ordered file motions for defaulted defendants. Subsequent to the ordered deadline for filing this motion, the plaintiff requested and was granted a stay [609] due to impending major surgery. Accordingly, the deadline for the filing of this had been delayed, but the court ruled that the remaining defendants who were the subject of the motion for summary judgment were denied [1172] because the plaintiff failed to file her motion for summary judgment during this stay.

The Plaintiff requested an extension on dispositive motion deadline [1176] due to extensions being granted for depositions. The court ignored this request, then denied [1199] Plaintiff's dispositive motions for being filed too late.

This case has demonstrated that a defendant need not appear in order to prevail. It further demonstrated that this *pro se* Plaintiff's compliance with the rules, obedience to court orders and adherence to arguing the merits and the law will be unavailing against *pro se* defendants's refusals to learn or abide by the rules or the law, their obdurate obstructionism, abuse of the public record with irrelevancies and libel, and defiance of court orders, which the court favored and encouraged. The District Court administered the case with its thumb on the scales of justice to ensure that this Plaintiff could not prevail and which had the intended effect of dramatically increasing the Plaintiff's costs of litigation as well as resulting in a fundamentally unfair process and a predetermined outcome detrimental to the Plaintiff. The court continued this posture during the default

hearing that is the subject of this review.

## 2. Statement of Facts Relevant to the Issues Presented for Review.

This is a second appeal on this case. The first appeal [13-1330] was remanded back for rehearing, which gave the judge the opportunity to expose her bias, a bias that has been evident throughout the entire proceedings. It is significant to note that many of the issues that were raised in the first appeal and which this court did not consider are again being raised in this appeal with the singular distinction that the judge's bias was more egregiously exhibited on remand and retrial. This case is no longer me versus the defendant, it is the plaintiff versus the judge.

I also must advise the court that I am laboring under a severe handicap, a permanent disability which was caused by an injury inflicted by this judge. I advised the judge of this, and it is one of the issues raised on appeal. I am permanently disabled with PTSD. It is directly attributable to what this judge did to me during the last hearing; her ruling that I was to be denied a jury immediately triggered a dissociative amnestic state, as diagnosed by a licensed psychologist. Since that moment my brain function has been severely impaired as has my ability to perform the daily functions to which I am accustomed. When I advised the judge of this and requested a new hearing, she mocked my disability on the public record and endangered me by making the document I requested to be sealed public. Now my adversaries, including the defendants in this case, have another weapon to use against me, as they have been since 2002. I cannot adequately express the extent of the trauma that this judge has inflicted upon me for the past six years and culminating with exposing me to even more danger.

This court must also be aware of the extreme adverse effects of having to deal with this on appeal, and I apologize in advance for my inability to properly present the issues before this court. If this court remands this case back to this judge, this court will be contributing to the trauma and the injury inflicted on me by Judge Marcia Krieger. I have no control over how my brain will respond to that additional trauma, except to say that I have the very real potential to lose even more function. The process of writing this appeal has been fraught with obstacles due to incapacitating symptoms being triggered every time I have to do anything associated with this judge.

### 3. Statement of Issues.

#### a. First Issue:

Judge Krieger was biased against me and in favor of the defendants.

#### Argument and Authorities:

From the earliest events in this case, I have given this judge the benefit of the doubt and the presumption that she was engaged in the fair administration of justice. I remember reading her first order and asking "what was the judge's law clerk smoking?" I presumed a United States District Court judge could hardly be responsible for authoring findings that were so far removed from the facts presented by the parties as to constitute sheer fantasy. I see that this perception was in error, that it was not the clerk, but the judge whose reasoning was so bizarre that it appeared to be rendered under the influence of some mind-altering substance.

I persisted in trying to obtain justice from this judge for *six years*, conforming to the rules and procedures while the defendants created chaos, which this judge has exploited to use against me while rewarding the defendants for their lies on the record, their abusive motion practice and their abuse of the public record. It became evident that my efforts to do as this judge demanded, that my complying with her orders, the law and the procedures would not earn her respect, but her contempt, both for me and for the law upon which I relied in good faith.

Each time I contested this judge's absurd and unjust findings, I presented an opportunity for this judge to exhibit the integrity and humility necessary to correct her gross errors, and each time she arrogantly used the opportunity to compound the wrongs committed against me. Each time, I presented a way for this judge to save face and rule without twisting the facts and the law, she refused the opportunity, choosing to escalate her outrageous design to deny me justice.

The record shows that I appeared in this case as an ordinary person of little consequence, without any obvious influence or power, seeking legal remedies for the wrongs committed by the defendants, as is my right. This judge has seen fit to use her authority and the power of the bench for the past six years to complete the destructive work started by the defendants, declaring my claims to be nothing more than petty Internet bickering, unworthy of her august consideration. Obviously this judge believes that I have no recourse for her judicial abuses, since she continues to engage in these abuses, and escalates them until she has beaten me into proper submission.

My reading of the judgment that is the subject of this appeal has left me so shocked at the outrageous findings that I have been at a loss for words. I still cannot find the words in the context of the type of response expected when seeking this judge's reconsideration of her own blatant and profane demonstration of abuse of judicial discretion and abuse of the authority she holds by virtue of her appointment to this bench.

The record will reflect that my traditionally crafted responses, which cited precedential authority in support of my arguments in response to this judge's repeated abuses, have been an exercise in futility. Each time I requested this judge to reconsider in support of my arguments with authoritative citations, she denied my motions. Every single one of my motions to reconsider on the record are litany of abuses of discretion, bias, and outright manipulation of the facts and the law in this case.

This judge has consistently demonstrated she has no regard for the law, no regard for the venerable institution that she represents, and no regard for parties who appear before her. She has treated me with disdain and contempt throughout these proceedings. But even more shocking to my mind is that she has casually profaned the law and this institution of justice with the same disdain and contempt in the way that she has administered this case. This judge does not love the law, does not care to do justice. She uses the law as a weapon to inflict harm, not as a tool to effect justice. Consequently, should I have no recourse for the egregious wrongs perpetrated by this judge, I can no longer advocate that anyone bring their grievances to court. They will be better served doing as the defendants did to me, taking the law into their own hands and obtain their own brand of justice outside of the law.

It has proven to me harmful for me to base any arguments in the law when appearing before this judge, because in her court, the law does not mean what it says it means, and my words do not mean what their plain meaning imparts. The law means with this judge wants it to mean. My words are twisted so she can frame them to conform to her agenda. Her rulings have been a schizophrenic application of the law, cunningly crafted to achieve a predetermined outcome throughout this entire case. But this last order performs such feats of legal contortions that it renders the law nothing more than a bizarre parody of itself. This judge's analyses are nothing short of dishonest and disingenuous, the judgments reduced to lies based on lies.

However, this ruling cannot be singled out from all of the other prior rulings in this case as unique. This judge has repeatedly set traps and triggered them with similar bizarre contortions of the law to foreclose all legal remedies available to me. This includes such traps as:
- Issuing orders that no motions can be filed due to the defendants's abusive motion

practice, and including me in those orders without finding that I had engaged in abusive motion practice, thereby preventing me from filing a motion to amend my complaint. She subsequently denied my motions to amend my complaint *even once* and then dismissing defendants because my complaint was deficient.

- Or issuing orders that are not enforced such as an order that motions cannot be filed without filing a motion to file a motion and responses were forbidden without permission, based again on the defendants's abusive motion practice, including me in the penalty when my motion practice was not abusive. She then refused to enforce that order *even when* the defendant filed an ***unsigned motion*** without filing a motion to file a motion, and granting the defendant's request for relief because I did not file a response in compliance with the court order. My motions for the judge to reconsider these orders were denied based on more lies and contortions of the law.
- Allowing defendants to defy protective orders.
- Refusing repeated motions for sanctions against defendants who were abusing discovery, refusing to cooperate with discovery, obstructing discovery and engaging in deposition abuse.
- Not providing adequate notice resulting in this case being remanded on the first appeal.
- Then retaliating by escalating the same abuses of discretion described in the first appeal on remand.
- This judge's lies apply to the rest of this order in a similar fashion. How else can anyone explain why her  prior judgment stated I had proven all elements except one while this judgment–based on the same evidence–finds so many of those same elements are no longer proven?
- Most recently, refusing to rule on my motion to proceed without prepayment of fees on this appeal.

But the abuses are not limited to the burdensome and abusive court orders that were not enforced, but also included the judge rewriting my pleadings and the defendants's pleadings to support outcomes favorable to the defendants. The record is replete with my objections to the court misapprehending my facts and re-characterizing them in a manner favorable to the defendants–in other words, lying. But the court's misrepresentation was not limited to my facts, the court similarly falsely represented the defendants's arguments, finding arguments that clearly were not stated in the defendants's papers and using them to support a finding in favor of the defendants.

Because this order and judgment is pronounced by a judge who is biased against me, and is based on lies by the judge, traps set and sprung by the judge, and retaliation against me for my persistence and for daring to win an appeal and proving I was right, this order must be reversed. I must be finally afforded the right to a fair hearing before an impartial

judge, since this judge is decidedly biased against me.

Due process guarantees "an absence of actual bias" on the part of a judge. *In re Murchison*, 349 U. S. 133, 136 (1955). Both the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself. When the objective bias on the part of the judge rises to an unconstitutional level, the failure to recuse cannot be deemed harmless. "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws when ever he receives an injury [and one] of the first duties of government is to afford that protection," *Marbury v. Madison*, 5 U.S. 137, 163 (1803)

It is axiomatic that if a citizen enjoys a right, he must "of necessity have a means to vindicate and maintain it, and a remedy if he is injured in the exercise or enjoyment of it; and indeed, it is a vain thing to imagine a right without a remedy, for want of right and want of remedy are reciprocal." *Ashby v. White* [1703] 92 Eng.Rep. 126, 136 (H.C.).

To "take away all remedy for the enforcement of a right is to take away the right itself." *Poindexter v. Greenhow*, 114 U.S. 270, 303 (1884).

As Senior Judge John L. Kane of the District of Colorado candidly confessed, "all pro se cases, not just civil rights cases, are treated shabbily and superficially by our courts, both bench and bar."[6]  John L. Kane, e-mail (to Sean Harrington), Feb. 3, 2007, quoted in Sean Harrington, Disparate Treatment of Pro Se Civil Litigants in Federal Court: A Justification for Resort to Inappropriate Self-Help? (2007), at http://www.–knowyourcourts.com/Archives/Pro_Se_Illusion-/Pro_Se_Illusion.htm

My experience before this judge was so egregious that I am permanently disabled as a result.


b.      **Second Issue:**

The court erred in summarily denying my jury demand when there was a clearly articulated jury demand in the complaint and a motion in limine reiterating that demand.

         **Argument and Authorities:**
My complaint contained a jury demand. I filed a motion in limine prior to the hearing reiterating my jury demand.

Judge Krieger told me before the hearing that I was not entitled to a jury trial as I

demanded. This judge ignored the law that says I am, especially for the related state law claims of breach of contract and misappropriation of trade secrets. She lied so she could prevent a jury from finding the judge stated I had proved my claims in a prior hearing, because that finding would prevent her from changing her mind about her prior judgment There was no way I was going to get a jury, when I arrived at the courthouse for the hearing, it was almost deserted and jury assembly room was dark and empty. This judge could not allow me a jury because then she would be forced to issue a judgment in my favor. A jury would expose her to the scrutiny of the public, and she could have her lies and misconduct in this case scrutinized by the public.

The right to jury trials in civil cases for the state law claims is regulated by Colorado Rules of Civil Procedure Rule 38. *Gibson v. Angros*, 30 Colo. App. 95, 491 P.2d 87 (1971). "Basic thrust" doctrine involves a determination of whether a lawsuit, characterized as a whole, will be entitled to a jury under this rule, rather than applying the rule at the outset to each issue within the case. *Zimmerman v. Mozer, 10 Bankr*. 1002 (Bankr. D. Colo. 1981). Issues of fact must be tried to a jury on demand. *Gleason v. Guzman*, 623 P.2d 378 (Colo. 1981).

*Feltner v. Columbia Pictures Television Inc.*, 523 U.S. 340, 118 S.Ct. 1279, 140 L.Ed.2d 438 (U.S. 03/31/1998) held The Seventh Amendment provides a right to a jury trial on all issues pertinent to an award of statutory damages under Section 504(c), including the amount itself.

### c.    Third Issue:

The court abrogated the principle of party presentation during the rule 55 hearing when it found certain evidence inadmissible based on hearsay *sua sponte ,* without providing Plaintiff notice and opportunity to be heard on the matter.

#### Argument and Authorities:
I had no notice at the hearing that this judge was considering any evidence inadmissable. I am *pro se.* How can I argue the admissibility of evidence without notice that the admissibility is in question? How can I know what traps this judge sets until she springs ? My error was in presuming this judge didn't lie to me about the nature and quality of this hearing. I expected, after having this case remanded, the judge would be fair. How can anyone explain why she was even more hostile and more unfair than the previous hearing except that I made her angry? I had no right to expect that any judge would respond in such an unjust manner to a *pro se* plaintiff whose case was remanded on appeal.

After stating she will consider all the previously submitted evidence–the same evidence

---

where the judge found I had proven I had a trade secret, copyright and contract–and now she finds I haven't proven it? This was a trap, set by the judge and sprung by the judge. This sounds more like retaliation, probably for winning my pro se appeal, than the fair administration of justice. She had an opportunity to save face and render a fair judgment based on the existing record, and instead choose to make the lie bigger just to deprive me of all avenues that might support a fair judgment. Why else would she require an entire new hearing rather than correcting her judgment order except to rewrite the facts and evidence to support a ruling against me the she thought would have to stick? She needed an opportunity to expand her lies to cover all avenues that I might breach on appeal. Evidently, I should have been happy with the petty bone this judge tossed to me when finding defendant Henderson infringed only one copyright once, and when I wasn't and dared to win on appeal, I must be made to pay.

In the scheduled jury trial that gave rise to this judgment, the defendant did not appear, and the court entered default against her. By not appearing, she waived and/or abandoned all defenses and claims, and the principle of party presentation cautions decision makers against asserting the abandoned claims for them in their absence. The Supreme Court admonished that courts should "normally decide only questions presented by the parties." *Greenlaw v. United States*, 128 S.Ct. 2559, 2564 (2008).

The excluded exhibit was a factual piece of evidence proving an element of all three outstanding claims; Ms. Swallow's willful distribution of protected copyrighted content. "Once the default has been established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688 at p. 63; accord *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 n.11 (10th Cir. 2003) (stating that "[a]fter an entry of default, a defendant cannot defend a claim on the merits"). Liability was deemed to be established as a matter of law and the factual allegations of the complaint were no longer open to dispute. See, e.g., *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994); *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 693 (1st Cir. 1993); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Ordinarily, all relevant evidence is admissible (Rule 402), unless it is subject to an objection by a party on the grounds of unfair prejudice, hearsay, privilege, etc. Objections must be raised by a party, and if the court excludes evidence in the absence of an objection by a party, it is acting as an advocate for that party, and has abandoned its constitutional role as the referee. In these proceedings, the court did not find any of the evidence inadmissible during the hearing, and received it all, without receiving or

sustaining a single objection.

The court constructed hearsay arguments or theories on behalf of defendant Swallow in the absence of any discussion of those issues by defendant Swallow at the hearing, which a court is not permitted to do. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)

A court should never contrive arguments on behalf of one party or the other that are not raised by the benefitted party, such as finding a document inadmissible as hearsay when the defendant did not object to the entry of that exhibit as evidence as hearsay at the time it was submitted. This court received that document for all purposes. It did not cite any limitations on the receipt of the subject documents at the time it received them. The exhibits were submitted and received as evidence for all purposes because the court did not state otherwise. A court must not act as an advocate as it has in this manner, by finding and sustaining objections that were not made by any party. One reason for this (aside from the obvious, which is that the fact-finder is supposed to be the referee), is that the prejudiced party–laintiff–id not have an opportunity to answer and brief the matter.

By entering a hearsay objection without so stating at the trial, the district court abrogated the principal of party presentation as well as depriving Plaintiff of a fair opportunity to respond to the court's theories on behalf of the defendants-in-default. This resulted in finding a pivotal piece of evidence to be inadmissible and the outcome was a judgment in favor of the party upon whose behalf the court contrived an argument. "efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."See, e.g., *Acosta v. Artuz,* 221 F. 3d 117, 124-125 (CA2 2000)); *McMillan v. Jarvis, 332* F. 3d 244, 250 (CA4 2003).

### d.    Fourth Issue:

The court erred in finding *res judicata* applied to copyright infringement claims arising out of a Florida state court proceeding involving totally different claims.

#### Argument and Authorities:

The judge determined that I was in not entitled to a remedy in this case because this issue had been litigated in a prior court, specifically a state court in Florida. One has to question how a competent judge can assert that a copyright infringement claim can be heard by a state court, when copyright infringement is a strictly federal question, without questioning her motive in arriving at this conclusion? Additionally the judge's analysis fails to conform to a prior analysis this particular judge made in the case of *Lenox MacLaren Surgical Corp. v. Medtronic,*

---

*Inc., Civil Action* 10-cv-02139-MSK-BNB (D.Colo. 12/03/2015) wherein she stated:

> These preclusion doctrines require four elements: (i) entry of a final judgment inan earlier proceeding; (ii) identical parties in both suits, or, at a minimum, a privity between parties in the current suit and parties in the prior suit; (iii) identical claims or issues in both suits; and (iv) that the party to be precluded had a full and fair opportunity to litigate in the prior suit. *Johnson v. Dept. of Veterans Affairs*, 611 Fed.App'x 496, 497 (10thCir. 2015). Moreover, the preclusion analysis examines claims on a "transactional approach, " looking to whether the claims asserted in the prior action arose from "the same event" asserted in the instant action. Id. at 832, *MACTEC, Inc. v. Goerlick*, 427 F.3d 821, 831 (10th Cir. 2005).

One must question why this judge did not apply the same analysis to my case when, clearly on the face of the complaint, I alleged completely different acts and unrelated transactions in the Florida case than those that were presented in this case. Furthermore, the defendant never raised this as an affirmative defense in her answer document [498] and therefore it is deemed waived. If this court does grant that the defendant raised it as an affirmative defense in her motion to dismiss [172], a highly irregular action, then the law of the case doctrine requires that the subsequent denial of this motion has resolved the issue and it could not be raised again or considered at trial. Additionally, the judge drew all inferences in favor of the movant (there was an unresolved *motion in limine* covering the subject), another violation of established legal principles when ruling on motions. And the fact that the judge argued facts not raised during the hearing on behalf of the defendant when the defendant did not present herself for this hearing to make her own arguments, violates the doctrine of party presentation and places this judge squarely within the role of an advocate for the defendant. Finally, the prior litigation in Florida was not decided on the merits and none of the issues raised in this proceeding was implicated in the Florida judgment. That Florida court did not require me to prove the facts contained in the complaint, and only held a hearing as to damages; therefore, *res judicata*, does not apply as the prior judgment was based solely on the technical failure of the defendant to answer or appear. Violations of established law and doctrine as gross and blatant as demonstrated by this judge can only be attributed to bias, because obviously this judge knows the law and can apply a properly to other cases, and maliciously chose not to do so in this case.

By law, federal district courts have original jurisdiction over any civil action arising under the Copyright Act. See 28 U.S.C. § 1338(a). Significantly, that jurisdiction is exclusive. Id. Accordingly, even if the state court made a finding relevant to copyright infringement, that part of the order is void for lack of jurisdiction.

### e.    Fifth Issue:

The trial court erred in entering judgment in favor of a defendant who had defaulted.

**Argument and Authorities:**

*Valley Oak Credit Union v. Villegas,* found at 132 B.R. 742, a Ninth Circuit BAP 1991 decision is a case the district court cited in support of it's ruling. This case states, "hile a trial court has great discretion in considering issues and evidence in a hearing pursuant to Rule 55(b)(2), we find no authority that would allow a trial court to enter judgment in favor of the defaulting party following such a hearing. To enter such a judgment against the non-defaulting party because of the failure of that party to sustain its burden of proof would make the hearing under Rule 55(b)(2) the same as a trial on the merits."

The maxim of law is that an entry of a default against a defendant establishes the defendant's liability. *See Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5 (1st Cir. 1985) ("There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law."), *cert. denied,* 475 U.S. 1018, 89 L. Ed. 2d 317, 106 S. Ct. 1204 (1986); see also *United States v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1989) ("As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in the complaint."); *Eisler v. Stritzler,* 535 F.2d 148, 153 (1st Cir. 1976) (noting that "the default judgment on the well-pleaded allegations in plaintiff's complaint established . . . defendant's liability."). Entry of default conclusively establishes every factual predicate of a claim for relief. *Harmon v. CSX Transp.,* 110 F.3d 364, 368 (6th Cir. 1997). The district court's entry of default establishes Ms. Swallow's liability for the legal fees due, if not the liquidated damages requested, which precludes the entry of judgment in her favor. Goldman, *supra.*

According to this, the judgment the district court entered in favor of defendant Swallow is not permitted, and must be set aside.

### e.    Sixth Issue:

I was denied meaningful access to the court.

**Argument and Authorities:**

I have a disability, which was unknown to me at the time of the December 30, 2015 hearing. This disability rendered me unable to meaningfully participate in my representation, because my mind had retreated into itself to escape the trauma inflicted by this judge.

As a party to this case, I am a qualified individual with a disability. I am entitled to

---

meaningful access to this court regardless of my disability.

My disability was manifest during the subject hearing, and deprived me of a a genuine opportunity to be present, participate, and enjoy the benefits of this court's programs, activities, and services.

Courts have held that the Due Process Clause of the Fourteenth Amendment also protects an individual's right to "access to the courts."

The Supreme Court recognized in *Tennessee v. Lane*, 541 U.S. 509, 525 (2004), that our country has a long history of violating the Constitution's due process guarantee by discriminating against people with disabilities in the administration of justice. See, e.g., *Lane v. Tennessee*, 315 F.3d 680 (6th Cir. 2003) cert. granted, 123 S.Ct. 2622 (2003). "No State shall.., deny to any person.. .the equal protection of the laws." U.S. CONST. amend. XIV, § 1. "No State shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Popovich, 276 F.3d at 815-16. "The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article." U.S. CONST. amend. XIV § 5. Popovich, 276 F.3d at 813.

I have a significant due process interest in the subject hearing, and I have the right to be afforded a reasonable way to participate meaningfully in the proceeding, a right which I was unable to exercise during the hearing due to the injury inflicted on me by the judge during this hearing. A party has a due process right to be present in the courtroom and to meaningfully participate in the process, quoting Faretta v. California, 422 U.S. 806, 819 n. 15 (1975)). See *Alexander v. Choate*, 469 U.S. 287 (1985). See also *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) (holding that a class of prisoners with disabilities were denied meaningful opportunity to participate in parole hearings), cert. denied, 537 U.S. 812 (2002). Without auxiliary aids and services to compensate for my disability, I have no fair and equal opportunity to prevail.

In *Talamini v. Allstate Ins. Co.*, 470 U.S. 1067, 1070-71 (1985), Justice Stevens stated in a concurring opinion that:
> Freedom of access to the courts is a cherished value in our democratic society .... The courts provide the mechanism for the peaceful resolution of disputes that might otherwise give rise to attempts at self-help. There is, and should be, the strongest presumption of open access to all levels of the judicial system.... This Court, above all, should uphold the principle of open access.

The United States Supreme Court has recognized that the in addition to barring intentional discrimination, "[d]iscrimination against the handicapped was perceived by

Congress to be most often the product, not of invidious animus, but rather of thoughtlessness and indifference - of benign neglect." Alexander v. Choate, 469 U.S. 287, 294 n.7. This judges discrimination was the result of invidious animus.

The district court's reasoning in Soto re-enforces the principle that merely requiring access for individuals who wish to participate in judicial proceedings is not enough - the access must be meaningful. *Soto v. City of Newark*, 72 F. Supp. 2d 489 (D. N.J. 1999).

The Federal courts currently only provide for disabled individuals who have a disability involving communication. However, I contend that the access to the court cases involving individuals with hearing disabilities are broadly applicable to all litigants with disabilities. I should not be denied meaningful access to this court because my disability may not be considered a communication-related disability, but, as a disability that adversely affects brain function under the ADA, it is a communication-related disability. The current court position denies me, as an otherwise qualified disabled individual, the meaningful access and reasonable accommodations guaranteed to other parties in federal court cases.

Under the Rehabilitation Act, in *Alexander v. Choate*, 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985), the Supreme Court held that:

> The balance struck in Davis [*Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979)] requires that an otherwise qualified handicapped individual be provided with meaningful access to the benefit that the grantee offers. The benefit itself, of course, cannot be defined in a way that effectively denies otherwise qualified handicapped individuals the meaningful access to which they are entitled; to assure meaningful access, reasonable accommodations in the grantees program or benefit may have to be made. Id. at 301.

Courts are designed to adjudicate disputes, and it is difficult to imagine this court suffering harm for simply assuring that its courtroom is accessible to a person with my disability, especially since the federal courts have mandated that state and local courts provide the same meaningful access I am requesting to parties and jurors. Why should federal courts be excluded from that mandate? If there is no meaningful access for me, then I have no remedy for wrongs committed against me, no ability to defend claims brought against me.

There are serious ramifications when the very institution designed to ensure the delivery of equal justice under law to all individuals perpetuates discrimination against a party with a disability simply because that disability may not involve a communication issue for which the court currently provides auxiliary aids and services. I had no choice of venue for this action, federal courts have sole jurisdiction over copyright issues. If I am

subjected to discrimination based on my disability in this court due to the nature of that disability not being recognized by this court, I have no legal recourse to seek redress of my grievances. I am thereby denied meaningful access to the court in violation of the Due Process clause.

The bottom line is that Judge Krieger injured me, rendering me permanently disabled under the ADA because she repeatedly abused her discretion and acted outside the authority given to her as a judge.

    **e.**    **Sixth Issue:**
The court denied my motion for new trial.

### Argument and Authorities:

She denied my motion for new trial on the basis that I was faking my disability when under Rule 60, courts should generally resolve all factual doubts in favor of the party seeking relief. And in denying my motion, mocked the disability that she inflicted on me. See *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1445 (10th Cir. 1983). Federal Rule 60(b)(6) (noting that a "court may relieve a party from a final judgment, order, or proceeding for . . . any reason that justifies relief").

I did not have meaningful access to this court during the hearing because of my disability. "A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief." *Allender,* 439 F.3d at 1242

**4. Do you think the district court applied the wrong law? If so, what law do you want applied?**

The judge did not apply the copyright law correctly in assuming that a state court had jurisdiction to issue an order resulting in res judicata in this court.

The judge did not apply the correct lie before denying me a jury trial. The proper law to apply is Colorado Rules of Civil Procedure Rule 38. *Gibson v. Angros*, 30 Colo. App. 95, 491 P.2d 87 (1971).

The judge ignored my repeated complaints that she was advocating on behalf of the defendants.

The judge denied in my motion for new trial by not resolving all factual doubts in favor of me as the moving party.

The judge's basis for mocking my disability was her belief that I was lying about it. Why she would think I was lying about anything when I have never lied to this court about anything and the defendants have consistently lied again points to her bias against me.

**5. Did the district court incorrectly decide the facts? If so, what facts?**

The judge decided that I did not have a disability that I was making an excuse. The fact is, I was terrified to let the judge see any of my medical records because I feared she would make them public. As it was she made my affidavit public, confirming my fears about the way she would treat my disability and exacerbate the symptoms. She should have taken my affidavit at face value, there is nothing on the record to rebut it.

**6. Did the district court fail to consider important grounds for relief? If so, what grounds?**

**7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what?**

If my brain was working proper play I could probably recite a long list of other reasons why the district court's judgment was wrong. Being pro se, I must rely on my own faulty

memories and cognitive dysfunction to provide this court with the information it needs.

*I hope I covered it Previoshy*

**8.   What action do you want this court to take in your case?**

How can this court reinstate all of the justice that has been taken from me by this judge?
The best that I could probably hope for is that this court would restore this case to the
status it was prior to the previous appeal and do not give this judge any discretion to do
anything other than enter judgment against the defendant and in my favor on all three
claims. The only thing that prevented that was the fact that the judge excluded a single
piece of evidence calling it hearsay without giving me any notice or ability to argue
against that finding, or to argue against the judge violating the principle of party
presentation when she was making arguments on behalf of the defendant who had not
appeared and had thereby waived all defenses.

**9.   Do you think the court should hear oral argument in this case?  If so, why?**

No.

_July 11 , 2016_
Date

_Signature_

## CERTIFICATE OF SERVICE

**I hereby certify that on** ___11 July 2016___ **I served a copy of**
(date)
**the Appellant/Petitioner's Opening Brief to** _____

**Brenda swallow at** _____
(Opposing Party or Attorney)
_____ **, the last known address/email**

**address, by** _____.
(state method of service)

I cannot serve a copy, Ms. Swallow's mail is returned to me as undeliverable and she
has not advised the court or me of her new address.

___11 July 2016___
Date

_____
Signature

---

## CERTIFICATE OF COMPLIANCE

**I certify that the total number of pages I am submitting as my
Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the
total number of pages exceeds 30, I certify that I have counted the number of
words and the total is** _7447_ **, which is less than 14,000. I understand
that if my Appellant/Petitioner's Opening Brief exceeds 14,000 words, my brief
may be stricken and the appeal dismissed.**

___11 July 2016___
Date

_____
Signature

---